UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

*Electronically Filed*

PHILLIP A. GILKISON, individually &
as representative of the class,

    Plaintiff(s),

v.

SIGNATURE PAYROLL SERVICES, LLC,

    Defendant.
_____/

Case Number _____
Class Action

## Complaint & Jury Demand

1.  The named Plaintiff, Phillip A. Gilkison individually and as representative of the class, sues Defendant, Signature Payroll Services, LLC, pursuant to the Fair Credit Reporting Act (FCRA).

2.  The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3.  Venue is appropriate in the London Division of the United States District Court for the Eastern District of Kentucky.

4.  Plaintiff resides in London, Kentucky.

5.  Defendant conducts business, in among, other Kentucky counties in Jackson County, Kentucky.

6. Named Plaintiff sued Signature Healthcare, LLC and LP Annville, LLC for age discrimination in violation of Kentucky Revised Statutes (KRS) in the Circuit Court in Jackson County, Kentucky.

7. On November 29, 2017, Defendant declared in a state court filing that it was Plaintiff's employer.

8. Via the affidavit of Diana Curran, who is director of human resources for Defendant, it admitted facts.

9. First, Defendant admitted that it was the employer of named Plaintiff.

10. Second, Defendant admitted that it is the employer of all individuals that work at "Signature" brand entities.

11. Defendant employs employees at "Signature" brand entities in Kentucky, Tennessee, Ohio, Pennsylvania, Maryland, Virginia, North Carolina, Georgia, Florida, Indiana and Massachusetts.

12. Defendant is headquartered in Kentucky.

13. Third, Defendant admitted that all new employees receive Defendant's employment application.

14. Fourth, Defendant admitted that the human resource function of Defendant was centralized and that there were no human resource directors staffed at specific job sites.

15. Fifth, Defendant admitted that the attached employment application provided to Plaintiff was also given to all of Defendant's employees pursuant to its standard procedure.

16. Now, the employment application violates 15 U.S.C. § 1681b(b)(2)(A).

17. On the last page of the employment application, Defendant combines an applicant's job reference, a statement that it is an equal employment opportunity employer, a waiver of rights, a background check requirement, consent to take physical examinations, alcohol testing, all future tests, an arbitration agreement, an acknowledgement of at-will employment and a certification of truthfulness.

18. There is both an explicit and implicit declaration on this last page that Defendant would conduct a criminal background check on all who complete Defendant's background check.

19. The first sentence of the second paragraph of Defendant's employment application states: "I voluntarily give this company the right to make a thorough investigation of my past employment and activities, agree to cooperate in such investigation and release from all liability or responsibility and persons, companies or corporations supplying such information."

20. Defendant conducted a background check on named Plaintiff.

21. Defendant has conducted background checks on all of its employees.

22. Defendant has conducted background checks on all prospective employees.

23. Defendant did not provide named Plaintiff a written document that consists solely of a clear and conspicuous disclosure that it would obtain a consumer report for employment purposes.

24. In fact, Defendant neither provided employees nor prospective employees of a clear and conspicuous disclosure that it would obtain a consumer report for employment purposes.

25. Defendant willfully violated the FCRA as it relates to the named Plaintiff, all of its current employees, all of its form employees and all of its prospective employees.

26. Defendant acted in reckless disregard of the FCRA.

27. Solely means to the exclusion of all else.

28. Defendant requires as a condition or precondition of employment that all employees or persons seeking employment waive future rights that they may have under state and/or federal law.

29. In 1998 the Federal Trade Commission (FTC) opined that inclusion of waiver language in a disclosure form violates 15 U.S.C. § 1681b(b)(2) because the form would not consist solely of the disclosure.

30. Defendant did not provide Plaintiff(s) a disclosure form that could be fully appreciated and contemplated before Defendant procured a consumer report.

31. The FCRA was enacted to protect the rights of consumers and establish minimum requirements for individuals or companies seeking consumer reports.

32. Congress found that obtaining a consumer report was a substantial act that required written notice that would stand alone so the consumer would appreciate its gravity.

33. The fact that Defendant's disclosure was included in an employment application with a waiver and other items it created confusion and watered down the gravity of the disclosure.

34. Named Plaintiff learned about Defendant's procurement of a background check using an illegal disclosure after Defendant's November 29, 2017 filing in an unrelated dispute.

35. Plaintiff(s) rights to privacy have been violated.

36. Plaintiff(s) did not appreciate the gravity of the procurement of a consumer report because Defendant threw in the disclosure in the middle of an employment application that included many different items.

37. The FCRA unambiguously barred Defendant from procuring a consumer report from an employee or prospective employee by including a waiver in the disclosure.

38. Defendant systemically violated the FCRA.

39. Defendant willfully violated the FCRA when it procured background checks on Plaintiff(s) without first making a permissible written disclosure.

40. The parties do not have a lawful arbitration agreement between them that covers this case.

41. Defendant's arbitration agreement is a yellow dog contract.

42. Defendant seeks to prohibit concerted action in its arbitration.

43. Defendant seeks to prohibit joint, collective, class and representative actions.

44. Defendant's arbitration agreement violates the National Labor Relations Act (NLRA).

45. Defendant seeks in its arbitration agreement to limit its employees to waive the substantive right to concerted activity.

46. Defendant's arbitration agreement is not at issue because it runs afoul of state and federal law. Specifically, it does not comply with the Sixth Circuit Court of Appeals. See *NLRB v. Alternative Entmt., Inc.*, 858 F.3d 393 (6th Cir. May 26, 2017).

47. Defendant violated the FCRA, as it relates to the named Plaintiff, within the past five years.

48. Named Plaintiff learned about Defendant's FCRA violation less than a week ago.

49. Named Plaintiff seeks statutory damages for himself individually and for the putative class.

50. Defendant is liable to named Plaintiff and the putative class for statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B).

51. Defendant is liable for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

52. Defendant willfully failed to comply with 15 U.S.C. § 1681b(b)(2)(A) as it relates to the named Plaintiff and the putative class.

53. Named Plaintiff sues Defendant pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681p for a willful violation of 15 U.S.C. § 1681n specifically violating 15 U.S.C. § 1681b(b)(2)(A).

54. The class is defined as all current employees, former employees or prospective employees that completed Defendant's background check disclosure that included a waiver, and Defendant procured or caused to procure a consumer report on that individual from December 5, 2012 to present.

55. The putative class is so numerous that joinder of all class members is impracticable.

56. Defendant has employed over a thousand employees since December 5, 2012 where it procured consumer reports using a background check disclosure that included a waiver.

57. Named Plaintiff's claims are typical of the putative class.

58. Defendant typically obtained consumer reports on its employees and prospective employees.

59. Defendant typically gave the same background check disclosure to its employees and prospective employees.

60. Defendant typically included a waiver in its background check disclosure to its employees and prospective employees.

61. Named Plaintiff will adequately represent the putative class and has retained experienced counsel.

62. Common questions of law and fact exist as to all members of the putative class and predominate over any questions solely affecting individual members of the putative class.

63. There are multiple common questions of law and fact. At least seven of these questions are listed below.

64. First, whether Defendant used consumer report information for employees and prospective employees.

65. Second, whether Defendant requires its employees and prospective employees to sign a background disclosure form.

66. Third, whether Defendant's background disclosure form complies with the FCRA.

67. Fourth, whether Defendant violated the FCRA by including a liability release in its background disclosure form.

68. Fifth, whether Defendant's violations of the FCRA were willful.

69. Sixth, the amount of statutory damages Defendant ought to be liable for to the putative class.

70. Seventh, the amount of punitive damages Defendant ought to be liable for its policy and practice of procuring customer reports on employees and prospective employees without a proper disclosure form.

71. This action is maintainable pursuant to Rule 23(b)(1) because individual actions would result in inconsistent or varying adjudications.

72. Furthermore, an individual adjudication could become dispositive of the issues for other individuals.

73. This action is maintainable pursuant to Rule 23(b)(2) because Defendant has acted or not acted on grounds that generally apply to the putative class.

74. This action is maintainable pursuant to Rule 23(b)(3) because questions of law and fact common to the putative class predominate over any questions affecting only individual members.

75. A class action is superior to a myriad of individual claims.

76. Defendant's actions stem from a common policy and practice.

77. For the sake of justice and judicial efficiency, it would be desirable to pursue named Plaintiff's complaint and Defendant's practices as a class action.

78. Simply put Defendant obtained consumer reports of the named Plaintiff and of the putative class for employment purposes without complying with the FCRA.

79. Defendant willfully violated the FCRA.

80. Named Plaintiff on his own behalf and for the class demands trial by jury.

Wherefore, named Plaintiff prays that Defendant will change its improper practices, that the action will proceed as a class action, that the action be certified as a class, that he be named class representative, that his counsel be designated class counsel, for judgment that Defendant willfully violated the FCRA, for statutory damages of $100.00 to $1,000.00 for each class member, for punitive

damages, for attorneys' fees, for costs and for any other relief that the Honorable Court deems appropriate, just and fair.

Respectfully submitted this 3rd day of December 2017,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Christina Thomas Mazaheri
Morgan & Morgan
333 W Vine St Ste 1200
Lexington, Kentucky 40507
Tel – (859)219-4529
Direct – (859)286-8368 (BRM)
Direct – (859)286-8369 (CTM)
Email – bmazaheri@forthepeople.com
cthomas@forthepeople.com

Counsel for Plaintiff(s)